**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ZACHARY ANDREW SHAW,

    Defendant - Appellant.

No. 20-6052
(D.C. Nos. 5:19-CV-00457-R
5:16-CR-00160-R-2)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

    Petitioner-Appellant Zachary Shaw, a federal inmate appearing pro se, seeks a

certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255

motion. In 2016, Mr. Shaw pled guilty to possessing with the intent to distribute

mixed methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court

sentenced him to 163 months' imprisonment. Mr. Shaw appealed and we granted the

government's motion to enforce the appeal waiver contained in the plea agreement

and dismissed the appeal. See United States v. Shaw, 752 F. App'x 631 (10th Cir.

2018).

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Following the dismissal, Mr. Shaw filed a § 2255 motion in the district court alleging ineffective assistance of counsel because counsel (1) misunderstood how the Sentencing Guidelines operated; (2) failed to argue that the sentencing disparity between mixed and actual methamphetamine justified a lower sentence; and (3) did not seek specific performance of his plea agreement, which was based on mixed, as opposed to pure, methamphetamine. The district court rejected these arguments and denied Mr. Shaw's § 2255 motion. United States v. Shaw, Nos. CR-16-160-R; CIV-19-457-R, 2019 WL 7116109 (W.D. Okla. Dec. 23, 2019).

On appeal, Mr. Shaw pursues the third ground. He points out that his plea agreement explicitly refers to mixed methamphetamine — rather than pure methamphetamine — which caused him and his attorney to believe his base level offense would be 32 rather than 36. He states that he was not informed of a lab report that indicated the methamphetamine was 95% pure. The district court concluded that counsel could not have been ineffective for failing to raise this issue because the plea agreement was not breached; the plea agreement stated nothing about purity or quantity and Mr. Shaw was informed of the maximum exposure. Shaw, 2019 WL 7116109, at *3–4.

To obtain a COA, Mr. Shaw must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejected Mr. Shaw's constitutional claims on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We do

2

not think that the district court's resolution of the issues is reasonably debatable because Mr. Shaw cannot establish deficient performance or prejudice given that the plea agreement was not breached. See Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge